# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL C. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-1116-D |
| | ) | |
| TIMOTHY ROGERS, | ) | |
| MICHAEL GILLESPIE, | ) | |
| TRACI SIMPSON, | ) | |
| KAY BAUMAN, | ) | |
| THE CITY OF OKLAHOMA CITY, | ) | |
| POLICE CHIEF BILL CITTY, | ) | |
| LT. J. RODGERS, | ) | |
| OFFICER H. BENNETT, | ) | |
| OFFICER J. BUSCH, and | ) | |
| OFFICER G. BELL, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Plaintiff's Opposition to Removal [Doc. No. 3], which raises both procedural and jurisdictional challenges to the removal of this action from state court.[1] Plaintiff challenges whether the Notice of Removal was timely filed and consented to by all defendants, and whether this Court has jurisdiction simply because Plaintiff has raised federal question claims in his Petition. Defendants Bennett, Busch and Bell ("the removing defendants") have timely opposed the motion, which is at issue. [Doc. No. 9].

---

[1] Based on the evidence in the record before it, the Court finds a formal hearing is not necessary. Plaintiff has not identified any disputed factual question relevant to removal. *Wyoming v. Livingston*, 443 F.3d 1211, 1225-1226 (10th Cir. 2006).

## Factual and Procedural Background

This case concerns the arrest of Plaintiff on June 18, 2016, for disorderly conduct at a Juneteenth Celebration[2] at the Ralph Ellison Library in Oklahoma City, Oklahoma. Plaintiff, a pro se litigant, filed his lawsuit in Oklahoma County, Oklahoma, on December 7, 2017. [Doc. No. 1-1]. His Petition named Timothy Rogers, Michael Gillespie, Traci Simpson, and Kay Bauman as defendants. *Id.* On June 4, 2018, Plaintiff filed an Amended Petition with the same case number but named a different set of defendants. [Doc. No. 1-21]. The Amended Petition identified new causes of action, including a § 1983 claim for an alleged unlawful arrest under the Fourth Amendment. *Id.*

The case was removed to federal court based on an assertion of federal question jurisdiction under 28 U.S.C. § 1331. *See also* 28 U.S.C. § 1441(a). The removing defendants contend that Defendant Kay Bauman consented to removal on November 26, 2018 [Doc. No. 8], that removal is timely, and that removal is proper under 28 U.S.C. § 1441(c)(1)(A).

## Standard of Decision

As the parties invoking federal jurisdiction, the removing defendants bear the burden of establishing the existence of original subject matter jurisdiction by a preponderance of the evidence. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

---

[2] Juneteenth is a holiday celebrated on June 19 that commemorates the end of slavery in the United States. *What is Juneteenth? We explain the holiday that commemorates the end of slavery*, USA TODAY, June 19, 2018, http://www.usatoday.com/story/news/2018/06/19/what-juneteenth-holiday-end-slavery/713313002/ (last visited Dec. 13, 2018).

The jurisdictional statute cited by the removing defendants, 28 U.S.C. § 1331, authorizes federal district courts to hear civil actions "arising under the Constitution, laws, or treaties of the United States." The removal statute cited by the removing defendants, 28 U.S.C. § 1441, authorizes a state court defendant to remove a case "when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (*citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

To establish federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006). Under this "well-pleaded complaint" rule, a suit "arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006) (internal quotation omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

A federal question is presented either where federal law creates the cause of action, or "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 28 (1983); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 810 (1986).

**Discussion**

*A.     Consent*

    1.  Defendant Kay Bauman

Plaintiff argues that removal is improper absent Defendant Bauman's consent. This argument is moot. Defendant Bauman filed her Notice of Consent to Removal to Federal Court [Doc. No. 8] on November 26, 2018. Her notice was timely.[3] *See* 28 U.S.C. § 1446(b)(2)(C); *see also Moreno v. Taos County Bd. of Comm'rs*, 778 F. Supp. 2d 1139, 1142 (D.N.M. 2011) (adopting the later-served defendant rule; the defendant had 30 days to file his written consent to removal); *Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1181 (D.N.M. 2017) (adopting the more modern "last-served rule"); *Morgan v. Bd. of County Comm'rs of Okla. County*, Case No. CIV-08-1317-C, 2009 WL 10672024, at *2 (W.D. Okla. Feb. 17, 2009) ("The Court is persuaded that the last-served defendant rule is the better one.").

    2.  Defendant Lt. J. Rodgers

Plaintiff for the first time in his Motion for Evidentiary Hearing [Doc. No. 13] raises the fact that Lt. J. Rodgers did not consent to removal. The Court treats Plaintiff's motion as a reply to the removing defendants' response to Plaintiff's Opposition to Removal. When a new argument is introduced in a reply brief, a district court does not have to

---

[3] The removing defendants were served on October 25, 2018 [Doc. Nos. 1-39, 1-40, and 1-41]; thus, Defendant Bauman had 30 days from that date to file her consent to removal. November 24 fell on a Saturday; therefore, her consent was due on the first "accessible day," which was Monday, November 26, 2018. *See* LCvR 6.1 and 6.2; FED. R. CIV. P. 6(a)(1).

consider the new argument. *Pippin v. Burlington Res. Oil and Gas Co.,* 440 F.3d 1186, 1192 (10th Cir. 2006); *see also Reedy v. Werholtz,* 660 F. 3d 1270, 1274 (10th Cir. 2011) (noting "'[t]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief'" and holding the "issues raised below are not mentioned in the opening brief, much less argued, and are therefore abandoned") (citations omitted); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("Although 'a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,' 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'") (internal citations omitted).

Although it is true that all defendants who have been properly served must consent to removal, the lack of unanimous consent is a procedural defect that can be waived. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006); *City of Albuquerque v. Soto Enterprises, Inc*., 864 F.3d 1089, 1093 (10th Cir. 2017) (Plaintiff waives procedural defects by failing to raise them in a timely manner); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999); 14C Wright, Miller & Kane, *Federal Practice & Procedure* § 3739.2, at 803-805 (Rev. 4th ed. 2018) (Under § 1447(c), a motion to remand based on a procedural defect must be filed within 30 days after the filing of the notice of removal; after the expiration of 30 days, the right to object to nonjurisdictional defects is considered waived.).

Accordingly, because Plaintiff failed to raise the issue of Lt. J. Rodgers' consent to removal within the 30-day remand period, the procedural defect is waived.[4]

B.     Timing

Plaintiff also challenges the timing of the removal. His challenge is meritless. Although the statute requires removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief," this requirement applies only when a defendant has been "notified of the action, and brought under the court's authority, by formal process." 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999).

Plaintiff filed his original Petition (which did not include the removing defendants) on December 7, 2017. [Doc. No. 1-1]. On June 4, 2018, Plaintiff filed an Amended Petition, which included the removing defendants. [Doc. No. 1-21]. However, he did not serve the removing defendants with the Amended Petition until October 25, 2018. [Doc. Nos. 1-39, 1-40, and 1-41]. On October 25, 2018, the removing defendants officially became parties to the action, and the 30-day time limit for removal was triggered. The Notice of Removal was filed on November 14, 2018, well within the 30-day time limit.

---

[4] Further, the Court notes that Lt. J. Rodgers was served with a copy of the Petition and Summons on April 18, 2018 [Doc. No. 1-13], however, she has never filed an Answer. (The Court takes judicial notice of the docket report on the Oklahoma State Courts Network, http://www.oscn.net, for Oklahoma County District Court Case No. CV-2017-2400). Given that it has been eight months since service, Lt. J. Rodgers is in technical default, and appears to have made no effort to participate in the litigation. Thus, it is not entirely clear that her consent to removal is required. In any event, Plaintiff has waived the procedural defect.

6

[Doc. No. 1]. *See* 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading … from which it may first be ascertained that the case is one which is or has become removable."). Thus, removal here was timely.

    C.    *Jurisdiction*

Plaintiff concedes that he has raised federal question claims in his Amended Petition. [Doc. No. 3 at 2]. He asserts, however, that state courts can hear federal causes of action, and this case has been before the Oklahoma County District Court "going on two (2) years."[5] *Id.*

Although it is correct that a state court can hear a federal cause of action, this does not control a defendant's right to remove a case to federal court. Pursuant to 42 U.S.C. § 1983, Plaintiff has alleged that his Fourth Amendment rights were violated by persons acting under color of state law. [Doc. No. 1-21 at 1-2]. Thus, removal is proper under 28 U.S.C. § 1441.

## Conclusion

The Court finds that the removing defendants have satisfied their burden to demonstrate the existence of federal jurisdiction. The Notice of Removal was timely filed, and all defendants who have been properly joined and served have consented to removal or, alternatively, Plaintiff has waived this procedural defect by failing to timely object.

---

[5] Plaintiff's assertion that this case has been pending in Oklahoma County for nearly two years is not accurate. The Petition was filed on December 7, 2017. [Doc. No. 1-1].

Therefore, this case was properly removed and will not be remanded at this time. Plaintiff's Opposition to Removal [Doc. No. 3], Motion to Strike Consent for Removal and Entry of Appearance for Want of Jurisdiction [Doc. No. 11][6], and Motion for Evidentiary Hearing [Doc. No. 13] are DENIED.

**IT IS SO ORDERED** this 7th day of January 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff's objection on this ground is meritless. F. Thomas Cordell and Amanda Mullins have both been recognized by the Oklahoma County District Court as attorneys of record for Defendant Bauman. [Doc. Nos. 12, 12-1, and 12-2].