## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL C. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-1116-D |
| | ) | |
| TIMOTHY ROGERS, | ) | |
| MICHAEL GILLESPIE, | ) | |
| TRACI SIMPSON, | ) | |
| KAY BAUMAN, | ) | |
| THE CITY OF OKLAHOMA CITY, | ) | |
| POLICE CHIEF BILL CITTY, | ) | |
| LT. J. RODGERS, | ) | |
| OFFICER H. BENNETT, | ) | |
| OFFICER J. BUSCH, and | ) | |
| OFFICER G. BELL, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is a Motion to Dismiss filed by Defendants Heather Bennett, Joseph Busch, and Gregory Bell ("Moving Defendants") [Doc. No. 5]. Plaintiff has not filed a response nor requested additional time in which to do so. Also at issue is Plaintiff's Motion for Summary Judgment as to Moving Defendants [Doc. No. 27], to which Moving Defendants have responded in opposition [Doc. No. 29]. The Court will first address the motion to dismiss because the case cannot proceed against Moving Defendants if Plaintiff has not adequately stated a claim for relief.

## BACKGROUND

This case arises out of Plaintiff's arrest on June 18, 2016, for disturbing the peace and disorderly conduct at a Juneteenth celebration[1] at the Ralph Ellison Library in Oklahoma City, Oklahoma. Plaintiff, a *pro se* litigant, filed his lawsuit in Oklahoma County, Oklahoma, on December 7, 2017. [Doc. No. 1-1]. His Petition named Timothy Rogers, Michael Gillespie, Traci Simpson, and Kay Bauman as defendants. *Id.* On June 4, 2018, Plaintiff filed an Amended Petition with the same case number but named a different set of defendants – the City of Oklahoma City, Police Chief Bill Citty, Lt. J. Rodgers, and Moving Defendants. [Doc. No. 1-21]. The Amended Petition identified new causes of action, including § 1983 claims under the First, Fourth, and Fourteenth Amendments. *Id.* The case was removed to federal court based on an assertion of federal question jurisdiction under 28 U.S.C. § 1331. The Court denied Plaintiff's Opposition to Removal and Plaintiff's Motion to Remand [Doc. Nos. 18, 25].

According to Plaintiff's Amended Petition, Plaintiff oversees a nonprofit organization, Empower People, Inc., which planned and was preparing to host a Juneteenth ceremony at the Ralph Ellison Library in Oklahoma City on June 18, 2016. The celebration had been approved by the library director, and Plaintiff had signed a contract with the

---

[1] Juneteenth is an American holiday that commemorates the June 19, 1865 announcement of the abolition of slavery in Texas, and more generally the emancipation of enslaved African Americans throughout the former Confederate States of America. What is Juneteenth? History and Flag to Commemorate the Emancipation of Slaves, NEWSWEEK, June 19, 2019, www.newsweek.com/what-juneteenth-history-flag-commemorate-emancipation-slaves-1444615 (last visited Oct. 7, 2019).

library to lease certain spaces. However, prior to the time the event officially began, library staff called the police on Plaintiff.

Plaintiff alleges that Lt. J. Rodgers and Moving Defendants responded to the call and spoke to library staff. Michael Gillespie, who was a library employee, signed a citation accusing Plaintiff of disturbing the peace and disorderly conduct. Attached to Defendant's motion to dismiss is a copy of the citation.[2] [Doc. No. 5-1]. According to Plaintiff, after the citation was signed, he was arrested, pat-searched, placed in handcuffs, and transported to the Oklahoma County Jail.

Although Plaintiff alleges that no criminal charges were ever filed, Moving Defendants assert that Plaintiff was convicted of disturbing the peace by the Oklahoma City Municipal Court on March 9, 2017. [Doc. No. 5-2]. The Court takes judicial notice[3] of the Oklahoma Court of Criminal Appeals' order denying Plaintiff's request to appeal out of time his misdemeanor conviction for disturbing the peace in Case No. 16-7043329, which is attached as an exhibit to Moving Defendants' motion to dismiss. *Id*.

Under 42 U.S.C. § 1983, Plaintiff asserts federal claims for violations of his constitutional rights stemming from his arrest: (1) false arrest and false imprisonment in

---

[2] In ruling on a motion to dismiss, the Court may consider documents that the Amended Petition incorporates by reference, documents referred to in the Amended Petition that are central to Plaintiff's claims and as to which the parties do not dispute authenticity, and matters of which the Court may take judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

[3] *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (a court may exercise its discretion to take judicial notice of publicly filed records from other courts concerning matters that bear directly upon the disposition of the case at hand); *see also Gee*, 627 F.3d at 1186.

violation of the Fourth and Fourteenth Amendments; (2) retaliatory arrest based on freedom of speech and assembly under the First Amendment; and (3) unlawful arrest in violation of due process under the Fourteenth Amendment.[4] Plaintiff also asserts violations of his Oklahoma constitutional rights. Further, Plaintiff asserts negligent and intentional infliction of emotional distress claims and tortious interference of his contractual rights against Moving Defendants. Plaintiff's claims are brought against Moving Defendants in their individual capacities. [Doc. No. 1-21 at 1].

## STANDARD OF DECISION

Although Plaintiff's action was originally filed in state court, upon removal, Rule 12(b)(6) of the Federal Rules of Civil Procedure and the pleading standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) govern the sufficiency of his allegations. *See Smith v. Bayer Corp.*, 564 U.S. 299, 304 n. 2 (2011) ("[F]ederal procedural rules govern a case that has been removed to federal court.") (citation omitted); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("After the removal of an action from state court … it has been settled by numerous cases that the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters.") (citation omitted).

---

[4] Plaintiff references the Fifth Amendment on the first page of his Amended Petition; however, he does not address it thereafter. Regardless, the Due Process Clause of the Fifth Amendment only applies to federal government actors, and the federal government is not involved here. *Koessel v. Sublette County Sheriff's Dep't*, 717 F.3d 736, 748 n. 2 (10th Cir. 2013).

4

Further, since Plaintiff appears *pro se*, the Court is required to construe his filings liberally. *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014). However, it must not assume the role of advocate, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and is under no obligation to construct legal arguments on Plaintiff's behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The "plausibility standard" announced in *Twombly* and *Iqbal* is not a "heightened standard" of pleading, but rather a "refined standard." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (*citing Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)). Under the "refined standard," plausibility refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik*, 671 F.3d at 1191; *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Twombly*, 550 U.S. at 570).

Further, the Tenth Circuit has noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Khalik*, 671 F.3d at 1191 (*quoting Kansas Penn Gaming*, 656 F.3d at 1215). "Thus, [it has] concluded

5

the *Twombly*/*Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Id*. (*quoting Robbins*, 519 F.3d at 1247).

"In other words, Rule 8(a)(2) still lives. There is no indication the Supreme Court intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191. It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555); *see also al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden."). However, "complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants." *Robbins,* 519 F.3d at 1249. Thus, "[t]he *Twombly* standard may have greater bite in such contexts …." *Id.* "[I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1250 (emphasis in original).

Finally, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [its] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192

6

(*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (*citing Twombly*, 550 U.S. at 556).

## DISCUSSION

*Plaintiff's § 1983 claims are barred by Heck v. Humphrey.*

Plaintiff asserts federal claims against Moving Defendants under 42 U.S.C. § 1983 for violations of his right to assemble and free speech under the First Amendment, his alleged unlawful arrest under the Fourth and Fourteenth Amendments, and for violations of his due process rights under the Fourteenth Amendment. Although the Court must accept all well-pled factual allegations in the Amended Petition as true, that same tenet "is inapplicable" to legal conclusions. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (*quoting Khalik*, 671 F.3d at 1190). In other words, the Court is required to accept the factual allegations that Plaintiff was arrested during his Juneteenth celebration at the library, but the Court does not have to accept Plaintiff's legal conclusion that his arrest was unconstitutional.

As indicated *supra*, the Court has taken judicial notice of the order in Plaintiff's state case denying his request to appeal out of time his misdemeanor conviction for disturbing the peace. Thus, his conviction has not been reversed on direct appeal or been declared invalid by a state tribunal; therefore, he cannot recover damages for his § 1983 claims. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

7

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Under *Heck*, Plaintiff's § 1983 claims against Moving Defendants are precluded until his disturbing the peace conviction has been invalidated. Plaintiff has not demonstrated that his conviction has been invalidated. *Id; see also Martinez v. Albuquerque,* 184 F.3d 1123, 1125 (10th Cir. 1999) (holding that a civil suit for an unreasonable seizure predicated on a false arrest is barred so long as the conviction for the same arrest remains unimpaired).

> *There is no private right of action for Plaintiff's Oklahoma constitutional claims, and Bosh does not recognize individual capacity claims.*

Plaintiff's conviction for disturbing the peace[5] also forecloses his claim under Article II, § 3 of the Oklahoma Constitution. Article II, § 3 of the Oklahoma Constitution guarantees people "the right peaceably to assemble for their own good." OKLA. CONST. art. II, § 3. Plaintiff alleges that Moving Defendants' "wrongful arrest … was intended to and did curtail" Plaintiff's rights to free speech and assembly under Article II, §§ 3 and 22 of the Oklahoma Constitution. [Doc. No. 1-21 at 4]. Disturbing the public peace is a violation of public order or public decorum. *Stewart v. State*, 109 P. 243, 245 (Okla. Crim.

---

[5] It is a crime under Article V, Division 1, § 30-82 of the Oklahoma City Municipal Code to "make any loud or unusual noise … or use any abusive or violent language, or threaten to fight or quarrel or challenge to fight … which disturbs by day or night the peace and quiet or annoys the inhabitants of the City."

8

App. 1910) (defining peace as the "tranquility enjoyed by the citizens of a municipality or community where good order reigns among its members").

The constitutional guarantee of the right of assembly under the First Amendment and OKLA. CONST. art. II, § 3 "must be given the most liberal and comprehensive construction," however, it is "to be enjoyed by the people in a peaceful and law-abiding manner." *Lair v. State*, 316 P.2d 225, 233 (Okla. Crim. App. 1957) (internal quotation marks and citation omitted). Plaintiff's conviction for disturbing the peace precludes him from arguing that he was acting in "a peaceful and law-abiding manner." Therefore, his arrest did not violate OKLA. CONST. art. II, § 3. Further, a plaintiff pressing a retaliatory arrest claim based on speech protected by the First Amendment must plead and prove the absence of probable cause for the arrest. *Nieves v. Bartlett*, 139 S.Ct. 1715, 1725 (2019). The Supreme Court's emphasis on probable cause in *Nieves* is consistent with the recognition by the Oklahoma Court of Criminal Appeals in *Lair* that the right of assembly should be construed liberally, but also enjoyed in a peaceful and law-abiding manner. Plaintiff has not alleged any facts in his Amended Petition to show an absence of probable cause for his arrest.

It is also unsettled whether Plaintiff has a private right of action under *Bosh v. Cherokee County Bldg. Auth.,* 305 P.3d 994 (Okla. 2013), to sue for violations of OKLA. CONST. art. II, §§ 2, 3, and 22. *See, e.g., Poff v. Okla. Dep't of Human Services,* Case No. CIV-15-936-R, 2017 WL 2468978, at *2-3 (W.D. Okla. June 7, 2017) (declining to exercise supplemental jurisdiction over a claimed violation of OKLA. CONST. art. 2, § 22 in light of the disagreement among the state and federal courts regarding the scope of

9

*Bosh*); *Duvall v. Okla. State Bd. of Osteopathic Examiners*, Case No. CIV-17-247-F, 2018 WL 6333708, at *10 (W.D. Okla. Aug. 10, 2018) (concluding that it was unsettled whether the plaintiff had a private right of action under *Bosh* to sue for violations of OKLA. CONST. art. II, §§ 3 and 22). Regardless, Plaintiff's claim under any of those constitutional provisions fails because *Bosh* does not extend to individual employees. *See Duvall,* 2018 WL 6333708, at *8 (dismissing state constitutional claims against the defendant because of his nonemployer status and the fact that the claims were being raised against him in his individual capacity); *see also Morris v. Humphrey*, Case No. CIV-14-497-W, 2014 WL 3488895, at *2 (W.D. Okla. July 11, 2014) (dismissing a *Bosh* claim against the police chief in his individual capacity because the police chief was not the employer of the police officers charged with using excessive force).

For the same reasons, Plaintiff's constitutional claims for false arrest and false imprisonment, and an alleged violation of fundamental due process under OKLA. CONST. art. II, § 7, fail. *See Langkamp v. Mayes Emergency Services Trust Auth.*, Case No. CIV-16-676-CVE, 2017 WL 2819003, at *6-7 (N.D. Okla. June 29, 2017) (where the plaintiffs asserted claims under OKLA. CONST. art. II, § 2, 3, 7, and 22, the court declined to extend *Bosh* to create new causes of action and concluded the plaintiffs had failed to state a claim for relief).

> *Plaintiff's Amended Petition fails to plead facts sufficient to show intentional infliction of emotional distress and negligent infliction of emotional distress.*

Under Oklahoma law, an action for intentional infliction of emotional distress will lie only where there is extreme and outrageous conduct coupled with severe emotional

distress. *Gaylord Entm't Co. v. Thompson*, 958 P.2d 128, 149 (Okla. 1998). To prevail on this claim, a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Computer Publications, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002).

Recovery under this theory is "governed by very narrow standards," and the "trial court acts as a gatekeeper regarding the outrageousness of the defendant's conduct and the severity of the plaintiff's distress." *Miner v. Mid-America Door Co.*, 68 P.3d 212, 223 (Okla. Civ. App. 2002); *Welton*, 49 P.3d at 735. A plaintiff must plead facts to show that a defendant engaged in conduct that was not only unreasonable but was also "'beyond all possible bounds of decency in the setting in which it occurred'" or "'utterly intolerable in a civilized community.'" *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 942 (10th Cir. 1994) (*quoting Eddy v. Brown*, 715 P.2d 74, 77 (Okla. 1986)).

Plaintiff alleges that "countless witnesses," including those participating in the Juneteenth celebration, watched as Plaintiff was handcuffed, pat searched, and placed in the backseat of a police car. [Doc. No. 1-21 at 3]. Plaintiff alleges that he "felt like his world had come crashing down on him as people watched and shook their heads in disbelief that he was being driven away from the library as if he were a common criminal." *Id*. Plaintiff's Amended Petition, however, fails to assert sufficient factual allegations that Moving Defendants engaged in any conduct to intentionally or recklessly inflict emotional distress upon Plaintiff. Rather, Plaintiff alleges that Lt. J. Rodgers ordered Moving Defendants to arrest Plaintiff. [Doc. No. 1-21 at 3]. Thus, they were acting at the behest

11

of their supervisor. Plaintiff has also not pled facts to show that Moving Defendants' conduct was unreasonable. Again, Plaintiff's conviction for disturbing the peace remains unimpaired. Thus, Plaintiff has failed to state a claim for intentional infliction of emotional distress.

"[U]nlike a cause of action for intentional infliction of emotional distress, negligent infliction of emotional distress is not an independent tort." *Kraszewski v. Baptist Med. Ctr. of Oklahoma, Inc.*, 916 P.2d 241, 243 n. 1 (Okla. 1996). "Under Oklahoma's jurisprudence the negligent causing of emotional distress is not an independent tort, but is in effect the tort of negligence." *Lockhart v. Loosen*, 943 P.2d 1074, 1081 (Okla. 1997). Consequently, "before damages for mental suffering may be collected, the plaintiff must establish: a duty on the part of the defendant to protect the plaintiff from injury; a failure of the defendant to perform the duty; and an injury to the plaintiff resulting from the failure." *Kraszewski*, 916 P.2d at 243 n. 1. Plaintiff has not pled facts to show that Moving Defendants had a duty to protect Plaintiff, that they failed to perform that duty, or that an injury to Plaintiff resulted from the failure. Thus, Plaintiff has failed to state a claim for negligent infliction of emotional distress.

*Plaintiff has failed to state a claim for tortious interference with his contractual rights.*

Plaintiff alleges that Moving Defendants tortuously interfered with his contractual rights. In Oklahoma, an action for tortious interference of a contract "arises when one maliciously interferes in a contract between two parties inducing one of them to break the contract to the detriment of the other." *Niemeyer v. U.S. Fid. and Guar. Co.*, 789 P.2d

12

1318, 1320 (Okla. 1990). In other words, Plaintiff must allege that a third party, *i.e.,* Moving Defendants, wrongfully induced library staff to breach the agreement. *Gabler v. Holder and Smith, Inc*., 11 P.3d 1269, 1278 (Okla. Civ. App. 2000). There is no allegation in Plaintiff's Amended Petition that Moving Defendants induced library staff to breach their contract with Plaintiff. Rather, Plaintiff alleges that Moving Defendants were called to the library by library staff.[6] [Doc. No. 1-21 at 2]. Further, Plaintiff asserts that library staff told Moving Defendants that Plaintiff had committed disorderly conduct prior to Moving Defendants' arrival at the library. *Id.* at 4. Moreover, Plaintiff alleges that Michael Gillespie, a library employee, signed the citation accusing him of disorderly conduct. *Id.* at 3; *see also* [Doc. No. 5-1]. Plaintiff has failed to state a claim for tortious interference with a contract.

## CONCLUSION

Based on the foregoing, the Motion to Dismiss filed by Defendants Heather Bennett, Joseph Busch, and Gregory Bell [Doc. No. 5] is **GRANTED**. Plaintiff's § 1983 claims against Bennett, Busch, and Bell are dismissed without prejudice.[7] Plaintiff's Oklahoma constitutional claims against Bennett, Busch, and Bell are dismissed with prejudice. Plaintiff's remaining state law claims against Bennett, Busch, and Bell for intentional

---

[6] On page 4 of the Amended Petition, Plaintiff alleges that before the event "could get underway, library staff summoned" Moving Defendants to come to the library. [Doc. No. 1-21 at 4].

[7] *See McNally v. Colorado State Patrol*, 13 Fed. Appx. 806, 807-808 (10th Cir. July 3, 2001) (claims barred by *Heck v. Humphrey* are to be dismissed without prejudice since claims cannot be brought unless and until the plaintiff can prove that his underlying conviction has been overturned).

infliction of emotional distress, negligent infliction of emotional distress, and tortious interference with his contractual rights are dismissed without prejudice.  Plaintiff's Motion for Summary Judgment as to Bennett, Busch, and Bell [Doc. No. 27] is **DENIED** as **MOOT**.  Further, Plaintiff's Motion for Oral Argument [Doc. No. 30] is **DENIED**.[8]

**IT IS SO ORDERED** this 15th day of October 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[8] The Court finds that oral argument is unnecessary. *See ClearOne Communications, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1187 (10th Cir. 2011) (where the parties propose to reiterate arguments they already made in their briefs, a hearing is not necessary).